PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
TRENCHAK LAW
1614 S. Maryland Pkwy.
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
*Attorney for Plaintiff Courtney Yeoman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COURTNEY YEOMAN, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SAFE LIFE DEFENSE, LLC, a domestic limited liability company;<br><br>　　　　　Defendant. | CASE NO.:<br><br>DEPT NO.:<br><br>**COMPLAINT**<br>*(Jury Trial Demanded)* |

COMES NOW Plaintiff, COURTNEY YEOMAN, by and through her attorney Philip J. Trenchak, Esq. of Mullins & Trenchak, Attorneys at Law, and hereby complains and alleges as follows:

**JURISDICTION**

1. This is an action for damages arising under Disability Discrimination in violation of State and Federal Statutes (Title VII), The Americans with Disabilities Act ("The ADA"), ADA retaliation against Defendant herein and former employer.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a)(4)(civil rights action) and 42 U.S.C. §2000e-5(f)(3)(unlawful discrimination and retaliation in employment). This Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3. All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Clark County.  Therefore, venue properly lies in the

1

southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

4. Plaintiff initiated the process of filing a Charge of Discrimination against her former employer, the Defendant named in this action, with the United States Equal Opportunity Commission ("EEOC") wherein she alleged discrimination on the basis of her disability as a continuing action. This was done within 300 days of the incident giving rise to this complaint.

5. Thereafter, Plaintiff's attorney received COURTNEY YEOMAN's Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. Please see attached Exhibit A.

6. This action is being filed within 90 days of the EEOC "Right to Sue" Letter being received by Plaintiff's Counsel. Therefore, this action is timely.

7. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**PARTIES**

8. Plaintiff Courtney Yeoman (hereinafter "Plaintiff," "Ms. Yeoman" or "Yeoman" or "Courtney") is and was at all times relevant hereto, a resident of the County of Clark, State of Nevada.

9. Upon information and belief, Defendant SAFE LIFE DEFENSE, LLC, (hereinafter "Defendant" or "Safe Life Defense" or "Safe Life") is and was at all times relevant hereto, a domestic limited liability company of the County of Clark, State of Nevada.

**GENERAL ALLEGATIONS**

10. Plaintiff had been employed by Safe Life Defense beginning on June 22, 2020 until she was unlawfully terminated on or about October 15, 2021.

11. At all times mentioned herein, Plaintiff was employed by Safe Life.

12. Plaintiff had suffered harassment at the hands of male management at Safe Life.

13. Plaintiff had made and filed EEOC Charges on October 15, 2021.

14. Plaintiff had taken Paid Time Off (PTO) for the date of October 12, 2021 as Plaintiff was undergoing ACL knee surgery.

15. Plaintiff was approved for Paid Time Off (PTO) on October 5, 2021.

16. On or about October 13th of 2021, Plaintiff notified Safe Life Defense that she will not be able to come into work.

17. Plaintiff showed up for work on October 14, 2021 and was immediately sent home and was told she is a "hazard."

18. Plaintiff received a phone call the following day on October 15, 2021 notifying her that she had been terminated from her position with Safe Life Defense due to budget cuts which caused lay-offs.

19. Plaintiff filed an EEOC Charge alleging retaliation for the first charge. See Exhibit A, Right to Sue Notice.

20. Plaintiff attempted to mediate the underlying charge with the EEOC, but no resolution was reached on or about November 9, 2021.

21. Plaintiff believes the stated reasons for termination to be pretextual, and that her termination was retaliatory for the EEOC Charges against Defendant, as well as for further reasons discussed herein.

22. Discovery will be required to determine the reason for the discharge, because the stated reason is inadequate to justify terminating Ms. Yeoman.

23. Plaintiff further alleges as follows hereunder.

**FIRST CAUSE OF ACTION**
**(Discrimination Based on Gender in violation of State and Federal Statutes)**

24. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

25. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on gender and disability.

26. Defendant, as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

27. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff to disparate terms of employment.

28. Defendant discriminated against Plaintiff when it retained as employees, managers who continued to subject Plaintiff to discrimination in the workplace.

29. No other similarly situated persons, i.e. employees, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

30. Notwithstanding the foregoing difficulties, Plaintiff performed her job satisfactorily.

31. Plaintiff suffered adverse economic impact including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

32. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

33. Plaintiff suffered and continues to suffer compensable emotional and physical harm, including, but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

34. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

35. Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws.

36. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her gender.

37. As a direct and proximate result of the unlawful conduct by Defendant, either directly or indirectly through its employees, Plaintiff suffers and continues to suffer thousands of dollars in the form of lost income and loss of benefits and additional amounts of money she would have received had said Defendant not violated her rights.

38. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**SECOND CAUSE OF ACTION**
**(Discrimination Based on Disability in violation of State and Federal Statutes)**

39. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

40. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on Disability.

41. Plaintiff was told to go home and she was then terminated the next morning for pretextual reasons.

42. Plaintiff informed Defendant she had a disability affecting a major life function and the interactive process should have been entered to find Ms. Yeoman a Reasonable Accommodation so that she was able to perform the basic functions of her position.

43. Ms. Yeoman was simply terminated and told she was a "hazard."

44. Plaintiff is a qualified individual able to perform her job tasks.

45. Plaintiff is a qualified individual with a disability that is able to perform the essential functions of her job with a reasonable accommodation.

46. Defendant was aware of the disability and Plaintiff had a reasonable accommodation to assist her in performing the essential functions of her position.

47. Defendant, as an employer is subject to Nevada and federal statutes prohibiting discrimination based upon Disability, NRS 613.330 et. seq. and the ADA et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination based upon Disability.

48. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff, based upon Disability.

49. No other similarly situated persons, not of Ms. Yeoman's protected class, were subject to the same or substantially similar treatment.

50. Plaintiff suffered adverse economic impact including but not limited to loss of pay, benefits, expenses, and other damages which will be more fully described at the time of trial.

51. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

52. Plaintiff suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety manifesting as panic attacks, and depression resulting from this unlawful discrimination by her employer.

53. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

54. Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws.

55. Plaintiff suffered damages in an amount to be deemed sufficient by a jury.

56. Plaintiff is entitled to an award of reasonable attorney's fees.

57. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her Disability.

58. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

### THIRD CAUSE OF ACTION
**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and Nevada State Law, NRS 613.340)**

59. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

60. In violation of 42 U.S.C § 2000e-3, Defendant retaliated against Plaintiff after she had filed an EEOC charge against her employer/Defendant herein, which resolved in the summer of 2018.

61. This discharge occurred following sending Ms. Yeoman home and telling her that she was a "hazard."

62. The behavior complained of also constitutes retaliatory discrimination.

63. Plaintiff was unlawfully terminated the day after she was sent home due to "budget cuts."

64. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff in her workplace.

65. The aforementioned actions and conduct by Defendant constitutes illegal retaliation which is prohibited by federal and state statutes.

66. Plaintiff has been seriously harmed, economically and emotionally by this unlawful retaliation and she is entitled to be fully compensated therefor.

67. Plaintiff had to engage the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays for relief against Defendants, each of them, as follows:

### ON ALL CAUSES OF ACTION

1. For compensatory damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

2. For punitive damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

3. For special damages in the principal amount in excess of seventy-five thousand dollars, ($75,000.00) to be proven at trial;

4. For attorney's fees and costs incurred;

5. For all damages in an amount to be proved at trial;

6. For costs of suit herein incurred;

7. For reasonable interest on amounts due; and,

8. For any such other and further relief as this Court deems just and proper.

DATED this 17th day of October, 2022.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

/s/ Phil Trenchak
Philip J. Trenchak, Esq.
Nevada Bar No. 009924
Mullins & Trenchak, Attorneys at Law
1614 S. Maryland Parkway
Las Vegas, NV 89104

## PLAINTIFF'S JURY DEMAND

Plaintiff, Courtney Yeoman, by and through her attorneys of record, PHILIP J. TRENCHAK, ESQ. of the law firm MULLINS & TRENCHAK, ATTORNEYS AT LAW, respectfully submits this Demand for Jury pursuant FRCP 38 in the above captioned matter.

DATED this 17th day of October 2022.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

/s/ Phil Trenchak
PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
*Attorney for Plaintiff*